

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Assistant United States Attorney* ▮▮▮

970 Broad Street, Suite 700
Newark, New Jersey 07102
▮▮▮

▮▮▮

June 12, 2023

The Honorable Michael A. Hammer
United States Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

     Re: <u>United States v. John Doe,</u>
       Case No. 23-10194

Dear Judge Hammer:

  The defendant in the above-captioned criminal case (hereinafter referred to by the fictitious name, "John Doe") has cooperated with the United States and may enter a guilty plea in the near future. Please accept this letter brief in lieu of a more formal brief in support of the Government's motion seeking to have the Court: (1) seal the ECF docket entry with respect to the fact that the defendant has been charged in this case, (2) refer to the defendant as John Doe on ECF; and (3) file this document under seal. For the reasons set forth below, the Government respectfully submits that the Court should grant the motion.

## **BACKGROUND**

  Since at least 2020, law enforcement has been investigating gang-related activity, including firearms trafficking, narcotics trafficking and gang-related violence, in ▮▮▮ and elsewhere. In the course of this investigation, law enforcement identified John Doe as a member and associate of gangs operating in and around ▮▮▮. On ▮▮▮, John Doe was arrested for ▮▮▮

Law enforcement has met with John Doe on approximately two occasions since his arrest (in addition to speaking with him multiple other times) and has determined that John Doe is interested in cooperating with federal authorities. John Doe has provided law enforcement with historical information about the gang-related criminal activities, including unsolved homicides, in and around ▮▮▮▮ and elsewhere and, upon information and belief, is interested in continuing to provide such information, as well as in providing law enforcement with proactive information about the same.

Law enforcement has determined that, in addition to participating in gang-related violence generally, the gangs operating in and around ▮▮▮▮ have been historically violent toward individuals cooperating with law enforcement. Thus, law enforcement is concerned that if other members and associates of gangs in ▮▮▮▮ learn of John Doe's cooperation, John Doe's safety could be at risk. In addition, John Doe is currently in disputes with several members of local gangs operating in and around ▮▮▮▮ and gang members have threatened John Doe as a result of these ongoing disputes. For example, ▮▮▮▮



As such, there is concern that members and associates of gangs operating in and around ▮▮▮▮ will search for and find any ECF entry made under John Doe's legal name, thereby confirming that John Doe has been charged in this case. If other members and associates of local gangs are later charged, such members could easily deduce that John Doe has been cooperating with law enforcement simply because John Doe continued to communicate with them all while having charges listed on the public docket.

## LEGAL ANALYSIS

The Supreme Court has regularly recognized that the press and public have a qualified right of access to various proceedings in criminal cases. *See Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980) (finding that lower court's restriction on public access was improper because it failed to: (a) recognize First Amendment right of public and press to attend criminal trials; (b) make proper findings supporting closure of courtroom; and (c) consider alternatives to closure); *Press-Enterprise v. Superior Court of California*, 464 U.S. 501 (1984) (addressing partial closure of voir dire proceeding in criminal case, and finding that lower court was required to make findings concerning overriding interest supporting closure and consideration of alternatives prior to closing courtroom). However, the right of access is not unconditional. Certain

situations, such as the instant matter, may present facts that support anonymizing and sealing portions of the docket.

Before a District Court may close the proceedings, or in this case seal the docket and refer to the defendant as John Doe, it must provide adequate notice to the public and an opportunity to be heard. *United States v. Criden*, 675 F.2d 550, 554 (3d Cir. 1982). *See also United States v. Antar*, 38 F.3d 1348 (3d Cir. 1994) (finding that court sealed transcripts of jury voir dire prematurely because it did not provide advance notice, conduct a hearing, and make factual findings on the record); *United States v. Raffoul*, 826 F.2d 218 (3d Cir. 1987) (extending *Criden* requirements to closure motions made concerning criminal trials).

Although the Government is not seeking closure in this matter, Courts have applied similar arguments when sealing a docket entry and/or referring to a defendant as John Doe. Therefore, after giving the public ample time to respond, the District Court also must explain, on the record, its reasons "for rejecting alternatives to closure." *United States v. Criden*, 675 F.2d 550, 561 (3d Cir. 1982). *See also United States v. Doe*, 63 F.3d 121 (2nd Cir. 1995) (finding the courts must conduct a four-step process in deciding motion for closure: (1) make specific findings concerning whether there is a substantial probability of prejudice to a compelling interest; (2) consider alternatives to closure; (3) if alternatives are lacking, address whether the prejudice overrides the First Amendment right of the public and press regarding access; and (4) to the extent closure is warranted, issue a narrowly tailored order); *United States v. Alcantara*, 396 F.3d 189, 191-92 (2d Cir. 2005) (recognizing that closed plea proceeding would be permissible if trial court followed proper notice requirements and made specific findings supporting closure on the record, but remanding plea proceedings to trial court after finding that trial court's *sua sponte* decision to close plea proceedings and hold them in robing room did not provide adequate notice to public and required specific findings to substantiate necessity of closure).

Here, law enforcement does not currently have any reason to believe that members of any gangs operating in and around ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are aware of any federal charges against John Doe. Thus, at this juncture, closing the courtroom in this case is probably unnecessary. The only concern is if members of local gangs are able to search and find the public docket for John Doe.

## **FEDERAL RULES OF PROCEDURE**

Local Civil Rule 5.2(10)(b) provides this Court with the authority and procedure to partially seal the corresponding docket.[1]  Local Civil Rule 5.2(10)(b) provides:

> Sealing of Criminal Documents.  A document subject to a sealing order or order of confidentiality must be submitted as a Paper Filing, in an envelope clearly marked "sealed," and shall be accompanied by a disk or CD-ROM containing the document in PDF for filing by the Clerk's Office.  A motion to file a document under seal may be filed electronically, unless prohibited by law.  The order of the Court authorizing the filing of documents under seal may be filed electronically, unless prohibited by law.  A paper copy of the sealing order must be attached to the documents under seal and be delivered to the Clerk.

Local Civil Rule 5.3 controls protective orders and public access under ECF.  Specifically, Local Civil Rule 5.3 governs "any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making."  The rule also governs any request "by a party or parties to seal, or otherwise restrict public access to, any judicial proceedings."

Local Civil Rule 5.3(c) provides the procedure to be followed concerning a motion to seal or otherwise restrict public access.  The rule states in pertinent part that:

> (1) Any request by a party or parties to seal, or otherwise restrict public access to, any materials or judicial proceedings shall be made by formal motion pursuant to L. Civ. R. 7.1.  Any such motion shall be filed electronically under the designation "motion to seal materials" or "motion to seal judicial proceedings," and shall be returnable on the next available return date.

---

[1] Under Local Civil Rule 1.1(a), the local civil rules supplement the Federal Rules of Criminal Procedure as well as the Federal Rules of Civil Procedure, and apply in all proceedings to the extent the local rules are not inconsistent with the federal rules.

(2) Any motion to seal or otherwise restrict public access shall be available for review by the public.  The motion papers shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.  Proposed Findings of Fact and Conclusions of Law shall be submitted with the motion papers in the proposed order required by (c)(5) below.  If the information required in this section is not within the knowledge of the movant, supplemental motion papers in support of the motion may be filed by a party, individual or entity having such knowledge not later than fourteen (14) days after the filing of the motion.

(3) Any materials deemed confidential by a party or parties and submitted with regard to a motion to seal or otherwise restrict public access shall be filed electronically under the designation "confidential materials" and shall remain sealed until such time as the motion is decided, subject to Local Civil Rule 72.1(c)(1)(c).  When a document filed under seal contains both confidential and non-confidential information, an unredacted version shall be filed under seal, and a version with only the confidential portions redacted shall be filed publicly.

(4) Any interested person may move to intervene pursuant to Fed. R. Civ. P. 24 (b) before the return date of any motion to seal or otherwise restrict public access.

(5) Any order or opinion on any motion to seal or otherwise restrict public access shall include findings on the factors set forth in (c)(2) above as well as other findings required by law and shall be filed electronically under the designation "order or opinion to seal."  Such orders and opinions may be redacted.  Unredacted orders and opinions may be filed under seal, either electronically or in other medium.

Additionally, Local Civil Rule 5.3 addresses the permissibility of sealing the docket itself.  Under Local Civil Rule 5.3, "[n]o docket shall be sealed.  However, entries on a docket may be sealed pursuant to the provisions of this rule."  Hence, the Court can seal any and all entries but cannot seal the docket itself.

## THE INSTANT MOTION

The United States through the instant motion seeks to have the Court partially seal the docket as to the entry of the plea agreement and this motion and/or refer to the defendant as John Doe on ECF.  In support of this motion, the United States provides the following facts:

1. As set forth above, the charges in this case arise from an ongoing investigation and current and anticipated prosecution of members and associates of gangs operating in and around ▓▓▓▓▓▓ ▓▓▓▓▓ linked to firearms and/or narcotics trafficking and violence.

2. John Doe was cooperative following arrest and provided information to federal and state law enforcement officials that inculpated himself and other members of various gangs.

3. Law enforcement anticipates that a number of gang members will may also be charged with narcotics and/or firearms crimes in federal court within the District of New Jersey.

4. It is believed that the public disclosure of John Doe's charge and cooperation with the Government would place John Doe and members of John Doe's family in physical danger, as gang members would link John Doe's federal case to the gang members' arrests, and assume that John Doe provided information to investigators that led to these arrests.

5. These facts demonstrate a substantial need to partially seal the docket and override the qualified First Amendment right of the public and press to access certain documents.

6. There is no alternative in this matter that will protect the interest at stake.  If the documents are not sealed and/or partially redacted, John Doe's cooperation with the Government will be public and John Doe and Doe's family will face a substantial risk of physical harm.

The Government is proposing restricting access in a narrowly tailored manner.  The Government is requesting that the Court seal only documents

that, if discovered, would seriously jeopardize the safety of John Doe. Moreover, the Government seeks to seal only the documents and transcripts as long as necessary to protect that interest.

The Government submits that these facts demonstrate, under the legal standards set forth above, an extraordinary situation with compelling government and private interests that justify the sealing of the plea hearing docket entry. The Government further submits that the transcript of the hearing and other sealed documents should remain sealed until such time as the identity of John Doe is publicly disclosed in connection with John Doe's testimony in open court or, otherwise, until the public docketing of the sealed pleadings do not present a substantial risk of compromising John Doe's safety.

The Government has conferred with John Doe's counsel regarding the requested relief. His counsel agrees that John Doe and John Doe's family face a substantial risk of physical harm should John Doe's cooperation be made public and therefore agrees that the Court should grant the Government's motion to seal the documents and refer to the case as *United States v. John Doe*.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court: (1) order that the Clerk's Office caption the case "*United States v. John Doe*;" (2) file the attached order instructing the Clerk's Office to: (a) caption the matter "*United States v. John Doe*;" and (b) seal the transcript of the initial appearance, and the documents submitted in connection with the charges, the initial appearance, this brief, and the proposed order, unless otherwise ordered by the Court; and (3) file and not seal a redacted version of this brief, the Notice of Motion, and a redacted version of the proposed order on ECF, which are included herewith; (4) set date a return date of _____, 2023, to provide the press and public their due process notice so that any party has ample time to file their motion to intervene or file briefs in support of any motion; (5) hold a hearing, on the papers or in Court, in Your Honor's discretion, if another party seeks to intervene; and (6) grant the motion to seal certain entries in the corresponding docket following the hearing or after the return date.[2]

The Government further represents to the Court that it will review the necessity of keeping this docket sealed on an ongoing basis every 30 days and will move to unseal the docket at the earliest possible date.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By: ███████████████████

Assistant United States Attorney

---

[2] Attached hereto is also a redacted and unredacted copy of a proposed order granting the motion.